UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DALE MANTHEY #10622040, | )<br>) |
| Plaintiff, | ) Case No. 2:03-cv-59<br>) |
| v. | ) HON. R. ALLAN EDGAR<br>) |
| MARQUETTE COUNTY JAIL, | )<br>) **OPINION** |
| Defendant. | )<br>) |

This is a civil rights action brought by a *pro se* plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff's complaint asserts that he was arrested and taken to the Marquette County Jail on August 28, 2001. Plaintiff was held awaiting trial on January 15, 2002. During this period of detention, the Plaintiff was denied all access to recreation, religious services and the law library. In addition, Plaintiff claims that he was subjected to 18 hours a day of intense light and 15 hours a day of extremely loud television. Plaintiff seeks compensatory and punitive damages.

The court has granted Plaintiff leave to proceed *in forma pauperis* in light of his indigence. Under the provisions of federal law, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section

1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). In applying these standards, the court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the court concludes that Plaintiff's *pro se* action is indisputably meritless.

Plaintiff's *pro se* complaint suffers from fatal defects. Initially, the court notes that Plaintiff sues the Marquette County Jail. The jail is a building, not an entity capable of being sued in its own right. *Watson v. Gill*, 40 Fed. Appx. 88, 89 (6th Cir. 2002), *citing Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Rather, the county is the appropriate party to address Plaintiff's suit. *Id.* Accordingly, the court will dismiss the Marquette County Jail.

However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the court assumes that Plaintiff intended to sue Marquette County. Marquette County may only be liable under § 1983 when its policy or custom causes the injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). Plaintiff's allegations, as detailed above, appear to be asserting the wrongful conduct of employees of the Marquette County Jail. Plaintiff's complaint does not allege that Marquette County operated pursuant to an unconstitutional policy or custom requiring jail officials to mistreat inmates. Nor does the complaint allege that Marquette County was responsible for any of the actions or inactions taken by employees of the Marquette County Jail. Even if employees of the Marquette County Jail did

violate Plaintiff's constitutional rights, it cannot be held responsible for their conduct under Section 1983 simply because the county employed them. *Watson*, 40 Fed. Appx. at 89 (*citing Monell*, 436 U.S. at 691, 98 S. Ct. at 2036 and *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997), *cert. denied*, 523 U.S. 1118, 118 S. Ct. 1796 (1998)).  Therefore, Plaintiff's complaint is properly dismissed as being without merit.

This action will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).  On the same grounds, the court determines that any appeal of this decision would be frivolous and brought in bad faith.  28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that the appeal is not in good faith."  Where, as here, the party seeking to appeal *in forma pauperis* is not a prisoner, the court must screen the proposed appeal to determine whether it meets the standard of this section.  *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).  Section 1915(a)(3) establishes an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Wilson v. Todd*, 178 F. Supp. 2d 925, 929 (W.D. Tenn. 2001), *aff'd*, No. 02-5137, 2002 WL 31780202 (6th Cir. Dec. 9, 2002); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998); *Brown v. Carpenter*, 889 F. Supp. 1028, 1034 (W.D. Tenn. 1995) *Nabkey v. Gibson*, 923 F. Supp. 117, 122 (W.D. Mich. 1990).  In order to meet the good-faith standard, an appellant must show that the appeal presents a substantial question that is not frivolous.  *Anderson*, 1 F. Supp. 2d at 835; *Ishaaq v. Compton*, 900 F. Supp. 935, 945 (W.D. Tenn. 1995); *Oswald v. Graves*, 819 F. Supp. 680, 685 (E.D. Mich. 1993).  Section 1915(a)(1) requires an affidavit by Plaintiff identifying the "nature" of his appeal, including some specificity identifying the basis of the appeal, supporting his belief that he/she is a "person entitled to redress."  28 U.S.C. § 1915(a)(1).

This requirement is designed to assist courts in the process of determining whether an appeal is taken in good faith. *See*, *e.g.*, *Harlem River Consumers Co-Op, Inc. v. Associated Growers of Harlem, Inc.*, 71 F.R.D. 93, 97 (S.D.N.Y. 1976) (appeal could not be certified as being taken in good faith where plaintiff's submissions failed to specify "what specific questions [were] sufficient to warrant the relief sought in connection with this appeal."); *Dupont v. Souther Pac. Co.*, 231 F. Supp. 601, 602-03 (W.D. La. 1964) ("[A] person desiring to appeal *in forma pauperis* must state in the affidavit the grounds relied upon for his appeal in order that the district court may make the necessary determinations."); *accord Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (denying appellant's motion to proceed *in forma pauperis* in the absence of a "specific statement" regarding the basis for the appeal). Plaintiff's claims are indisputably meritless and do not meet the standard for an appeal *in forma pauperis*.

      A judgment consistent with this opinion will be entered.


Dated:     8/26/05                             */s/ R. Allan Edgar*
                                                                       R. ALLAN EDGAR
                                                                       UNITED STATES DISTRICT JUDGE